UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CESAR SARAVIA,

                              Plaintiff,

        -against-

VALSEN MARINE LLC and
MILLER'S LAUNCH, INC.,

                              Defendants.
------------------------------------------------------------------X

**VERIFIED ANSWER TO AMENDED COMPLAINT**

11 CV 04354 (ENV)(JO)

       Defendant, **VALSEN MARINE LLC,** by its attorneys, Goldberg Segalla LLP, answering the Amended Complaint of the plaintiff herein, upon information and belief, allege:

       1.     Denies having any knowledge or information thereof sufficient to form a belief as to the truth of each and every allegation contained in paragraph "1" of the Amended Complaint.

       2.     Admits each and every allegation contained in paragraph "2" of the Amended Complaint.

       3.     Denies having any knowledge or information thereof sufficient to form a belief as to the truth of each and every allegation contained in paragraph "3" of the Amended Complaint.

       4.     Denies each and every allegation contained in paragraph "4" of the Amended Complaint.

       5.     Denies having any knowledge or information thereof sufficient to form a belief as to the truth of each and every allegation contained in paragraph "5" of the Amended Complaint.

       6.     Denies having any knowledge or information thereof sufficient to form a belief as to the truth of each and every allegation contained in paragraph "6" of the Amended Complaint.

7. Admits each and every allegation contained in paragraph "7" of the Amended Complaint.

8. Admits each and every allegation contained in paragraph "8" of the Amended Complaint.

9. Denies each and every allegation contained in paragraph "9" of the Amended Complaint, except admits that defendant owned and operated the vessel.

10. Denies each and every allegation contained in paragraph "10" of the Amended Complaint, except admits that defendant owned and operated the vessel.

11. Denies each and every allegation contained in paragraph "11" of the Amended Complaint, except admits only that the crew of the Barge Mobro 94 was employed by the Defendant, VALSEN MARINE, LLC.

12. Denies having any knowledge or information thereof sufficient to form a belief as to the truth of each and every allegation contained in paragraph "12" of the Amended Complaint.

13. Denies having any knowledge or information thereof sufficient to form a belief as to the truth of each and every allegation contained in paragraph "13" of the Amended Complaint.

14. Denies having any knowledge or information thereof sufficient to form a belief as to the truth of each and every allegation contained in paragraph "14" of the Amended Complaint.

15. Denies having any knowledge or information thereof sufficient to form a belief as to the truth of each and every allegation contained in paragraph "15" of the Amended Complaint.

16. Denies having any knowledge or information thereof sufficient to form a belief as to the truth of each and every allegation contained in paragraph "16" of the Amended Complaint.

17. Denies having any knowledge or information thereof sufficient to form a belief as to the truth of each and every allegation contained in paragraph "17" of the Amended Complaint.

18. Denies each and every allegation contained in paragraph "18" of the Amended Complaint.

19. Denies each and every allegation contained in paragraph "19" of the Amended Complaint.

20. Denies each and every allegation contained in paragraph "20" of the Amended Complaint.

21. Denies having any knowledge or information thereof sufficient to form a belief as to the truth of each and every allegation contained in paragraph "21" of the Amended Complaint.

22. Denies having any knowledge or information thereof sufficient to form a belief as to the truth of each and every allegation contained in paragraph "22" of the Amended Complaint.

23. Denies each and every allegation contained in paragraph "23" of the Amended Complaint.

### AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

24. The Amended Complaint fails to state a claim upon which relief can be granted against Defendant, VALSEN MARINE LLC.

### AS AND FOR A SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

25. If the plaintiff was injured as alleged in the Amended Complaint, which is denied, the injuries were caused by plaintiff's own negligence and any damages recoverable by plaintiff should be reduced in proportion to the amount that his negligence contributed to his injuries.

### AS AND FOR A THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

26. The plaintiff is not entitled to recover for his injuries, if any, because they were due to plaintiff's willful misconduct.

### AS AND FOR A FOURTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

27. The plaintiff was paid maintenance and cure and has reached maximum medical improvement.

### AS AND FOR A FIFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

28. Defendant, VALSEN MARINE LLC, as owner of the BARGE MOBRO 94, is entitled to an award of exoneration from and/or limitation of liability pursuant to 46 U.S.C. §30505 et seq. (formerly 46 U.S.C. §183 et seq.)

### AS AND FOR A SIXTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

29. Plaintiff's injuries, if any, were caused, in whole or in part, by the acts, or failure to act, of third parties over whom Defendant, VALSEN MARINE LLC, had no control.

### AS AND FOR A SEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

30. The damages alleged to have been sustained by the Plaintiff were solely and proximately caused by the failure of the Plaintiff to exercise that degree of care for his own safety that a reasonably prudent person, in the exercise of ordinary care, would have exercised under the same or similar circumstances.

### AS AND FOR AN EIGHTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

31. Plaintiff has failed to mitigate his alleged damages and any recovery must be reduced accordingly.

### AS AND FOR A NINTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

32. Plaintiff has failed to join all necessary parties in this action.

### AS AND FOR A TENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

33. The amounts claimed by plaintiff for damages are excessive, speculative, have no bearing to the alleged damages and/or are not compensable under the law.

### AS AND FOR AN ELEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

34. The injuries, if any, alleged to have been sustained by the plaintiff were caused in whole or in party by his assumption of the risk.

### RESERVATION OF RIGHTS

35. The Defendant, VALSEN MARINE LLC, reserves the right to amend these affirmative defenses or supplement the same, contingent upon the discovery process and the additional investigation pursuant thereto that may be done in this litigation.

### AS AND FOR A FIRST CROSS-CLAIM AGAINST THE DEFENDANT MILLERS'S LAUNCH, INC., THE DEFENDANT VALSEN MARINE LLC, ALLEGES:

36. VALSEN MARINE LLC, repeats and realleges each and every allegation set forth in paragraphs "1" through "35" inclusive of this Verified Answer and Cross-Claims with the same force and effect as if more fully set forth herein.

37. That if the plaintiff was caused to sustain personal injuries and resulting damages at the time and place set forth in the Amended Complaint and in the manner alleged therein, then the said injuries and damages arose out of the carelessness, recklessness, acts, omissions, negligence and breaches of duty, and/or obligations, and/or statute, and/or warranty, and/or contract of the co-defendant, Miller's Launch, Inc., with indemnification and save harmless agreement, and without any breaches or any negligence of the defendant Valsen Marine LLC contributing thereto, and if a judgment or verdict is rendered against this answering defendant then and in that event, the co-Defendant Miller's Launch, Inc., will be liable over to defendant Valsen Marine LLC and bound to fully indemnify and hold harmless defendant Valsen Marine LLC for the full amount of any verdict or judgment that the plaintiff herein may recover against defendant, VALSEN MARINE LLC.

### AS AND FOR A SECOND CROSS-CLAIM AGAINST THE DEFENDANT MILLERS'S LAUNCH, INC., THE DEFENDANT <u>VALSEN MARINE LLC, ALLEGES:</u>

38. VALSEN MARINE LLC, repeats and realleges each and every allegation set forth in paragraphs "1" through "37" inclusive of this Verified Answer and Cross-Claims with the same force and effect as if more fully set forth herein.

39. That prior to the date of the incident alleged by the plaintiff in this action, the co-defendant(s), MILLER'S LAUNCH INC., agreed to purchase and/or maintain a liability policy of insurance providing insurance coverage to the cross-claiming defendant VALSEN MARINE LLC, concerning the damages and loss claimed by the plaintiff in the action.

40. That if the plaintiff recovers a judgment herein against the cross-claiming defendant, then the defendant, MILLER'S LAUNCH, INC., shall be obligated to pay such judgment or reimburse the cross-claiming Defendant VALSEN MARINE LLC up to the amount

of the insurance coverage provided to the cross-claiming defendant pursuant to the aforementioned insurance policy.

41. That if the defendant, MILLER'S LAUNCH, INC., breached the obligation to procure and/or maintain a liability policy of insurance providing coverage to the cross-claiming defendant, and if the plaintiff recovers a judgment herein against the cross-claiming defendant, then the cross-claiming defendant will be damaged thereby and, consequently, the defendant, MILLER'S LAUNCH, INC., will be liable to the cross-claiming defendant for the resulting damage, including the liability of the cross-claiming defendant to the plaintiff.

### AS AND FOR A THIRD CROSS-CLAIM AGAINST THE DEFENDANT MILLERS'S LAUNCH, INC., THE DEFENDANT VALSEN MARINE LLC, ALLEGES:

42. VALSEN MARINE LLC, repeats and realleges each and every allegation set forth in paragraphs "1" through "41" inclusive of this Verified Answer and Cross-Claims with the same force and effect as if more fully set forth herein.

43. In the event that the defendant VALSEN MARINE LLC is found liable to plaintiff, then defendant VALSEN MARINE LLC is entitled to judgment over against defendant MILLER'S LAUNCH INC., by way of indemnification, apportionment and/or contribution, together with interest, costs and disbursements and attorneys' fees.

### AS AND FOR A FOURTH CROSS-CLAIM AGAINST THE DEFENDANT MILLERS'S LAUNCH, INC., THE DEFENDANT VALSEN MARINE LLC, ALLEGES:

44. VALSEN MARINE LLC, repeats and realleges each and every allegation set forth in paragraphs "1" through "43" inclusive of this Verified Answer and Cross-Claims with the same force and effect as if more fully set forth herein.

45. Plaintiff's personal injuries were a result of the unseaworthiness of defendant, MILLER'S LAUNCH INC.'s vessel which was owned controlled, managed and/or operated by defendant, MILLER'S LAUNCH, INC.

46. Based on the foregoing, VALSEN MARINE LLC is entitled to Judgment against MILLER'S LAUNCH, INC.

**WHEREFORE**, Defendant **VALSEN MARINE LLC** respectfully demands judgment against the Plaintiff dismissing the Amended Complaint herein with costs or, in the alternative, if the Amended Complaint shall not be dismissed the amount of damages otherwise recoverable against said defendant shall be diminished by the culpable conduct attributable to the plaintiff together with the costs and disbursements of this action.

Dated: Garden City, New York
December 21, 2011

Yours, etc.,

**GOLDBERG SEGALLA LLP**

_____
Kenneth R. Lange
*Attorneys for Defendant*
*VALSEN MARINE LLC*
100 Garden City Plaza, Suite 225
Garden City, New York 11530
(516) 281-9800
File No.: 12719.0048

TO: TABAK, MELLUSI & SHISHA, LLP
By: Jacob Shisha, Esq.
Attorneys for Plaintiff
29 Broadway, Suite 2311
New York, NY 10006

ROBIN FIORELLA & FRIEDMAN, LLP
By: Keith A. Brady, Esq.
292 Madison Avenue, 11th Floor
New York, NY 10017

## VERIFICATION

STATE OF NEW YORK)
                   SS:
COUNTY OF NASSAU)

Kenneth R. Lange, an attorney duly Admitted to practice law in the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

1. I am the attorney for the answering Defendant **VALSEN MARINE, LLC.**

2. I have read the annexed Verified Answer and know the contents thereof and the same are true to my knowledge except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief as to those matters therein not stated upon knowledge is based on the files maintained in my office.

3. The reason that this Verification is made by your affirmant and not by the Defendant is that the Defendant is not in the County in which I maintain my office.

Dated: Garden City, New York
       December 21, 2011

_____
KENNETH R. LANGE

Saravia v. Valsen Marine, LLC, et al.
11 CV 04354 (ENV)(JO)
GS File No.: 12719.0048

## AFFIDAVIT OF SERVICE

**THERESA CAPRISE**, being duly sworn deposes and says, that deponent is not a party to this action, is over 18 years of age and resides in New Hyde Park, New York. That on the 21st day of December, 2011 deponent served a copy of the within **VERIFIED ANSWER TO AMENDED COMPLAINT** upon:

TO: TABAK, MELLUSI & SHISHA, LLP
By: Jacob Shisha, Esq.
Attorneys for Plaintiff
29 Broadway, Suite 2311
New York, NY 10006

ROBIN FIORELLA & FRIEDMAN, LLP
By: Keith A. Brady, Esq.
292 Madison Avenue, 11th Floor
New York, NY 10017

by depositing the enclosed in a stamped envelope in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

_____
THERESA CAPRISE

Sworn to before me this
21 day of December, 2011.

_____
NOTARY PUBLIC

104695
GS#12719.0048

KENNETH R. LANGE
Notary Public, State of New York
No. 02LA6079399
Qualified in Nassau County
Commission Expires September 3, 2014

GOLDBERG SEGALLA LLP
100 Garden City Plaza/ Ste. 225
Garden City, NY 11530

10